action by an employee for personal injuries, *held* to tend to show plaintiff's injury was caused by improper or careless handling of a hammer by defendant's employee and that he was inexperienced in that line of work.

2. DAMAGES, § 186*—*when evidence as to possible results of injury is inadmissible.* Evidence as to possible results of plaintiff's injury to his right eye and its possible effect on his other eye, *held* incompetent and properly excluded in an action to recover damages for such injury.

3. DAMAGES, § 244*—*when admission of improper evidence is harmless error.* In an action for damages for personal injuries, *held* that the improper admission of evidence as to the possible results of the injury was harmless error where there was nothing to show that the jury considered or were influenced by such evidence in finding for the plaintiff.

CARNES, J., dissenting.

---

# E. Meers, Appellee, v. Edward J. Daley, Appellant.

## Gen. No. 6,244. (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 12, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by E. Meers, plaintiff, against Edward J. Daley, defendant, to recover fees for professional legal services. From a judgment for plaintiff for $2,000, defendant appeals.

O'DONNELL, DONOVAN & BRAY, for appellant; J. L. O'DONNELL, of counsel.

EDWARD R. NADELHOFFER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 134*—*what weight should be given by jury to testimony of experts as to value of professional services.* The opinion of attorneys testifying as experts as to the value of professional legal services rendered by an attorney should be considered as merely advisory to the jury in an action to recover for such services to aid them in forming their own judgment concerning the amount properly to be allowed for such services, and they should use their own knowledge and judgment based upon all of the evidence as to what would be reasonable compensation therefor.

2. INSTRUCTIONS, § 87*—*when on preponderance of evidence deemed not erroneous.* An instruction that a slight preponderance only of the evidence in favor of the plaintiff would be sufficient to warrant a finding in his favor, *held* proper and not misleading, in an action to recover fees for professional legal services wherein several attorneys testified as experts and the finding of the jury was less than the amount testified to by such witnesses.

3. ATTORNEY AND CLIENT, § 135*—*when verdict in action for legal services is not excessive.* In an action to recover fees for professional legal services rendered, where plaintiff was retained as solicitor for defendant in a suit against defendant and others to set aside a will disposing of an estate valued at $150,000, under which defendant was the principal beneficiary, in which suit plaintiff had leading charge of the defense litigation, and performed valuable and successful service, and which resulted in a settlement quite favorable to defendant's interests, and on account of which services plaintiff had received $500, *held* that a judgment for $2,000 was not excessive.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.